NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

ALLIS–CHALMERS CORPORATION, Respondent.

Nos. 78–1742, 78–3322.

United States Court of Appeals, Fifth Circuit.

April 13, 1981.

Elliot Moore, Deputy Associate Gen. Counsel, John G. Elligers, Supervisor, Joseph Oertel Atty., N.L.R.B., Washington, D.C., for petitioner.

Jolly, Miller & Milam, E. Grady Jolly, James R. Lockard, Jackson, Miss., for respondent.

Lynn Agee, Memphis, Tenn., for International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, intervenor.

Before THORNBERRY, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

We have entered two prior decisions in this case [1] and are now called upon to enter a third. Because we find that the Supplemental Order [2] of the National Labor Relations Board at issue is unsupported by substantial evidence and is at odds with the law of the case, we deny it enforcement.

In our first opinion, the majority held that the Union's mischaracterization of a material fact [3] did not vitiate the legitimacy of the election because "the Board determined that clarifications actually given by the employer *and* the union were sufficient to dispel the insidious effects of the original misstatement." 601 F.2d at 872–73 (emphasis in original). The Petition for Rehearing, however, gave us reason to doubt this "crucial" conclusion that the Union had in fact "aided in dissipating the Union misstatement." 608 F.2d at 1019. Because the Union clarification, *vel non*, was the fulcrum of our initial resolution of the case, we remanded upon rehearing for the Board "to clarify the basis of its decision, especially in relation to *Formco*." [4] *Id.*

1. *NLRB v. Allis-Chalmers Corporation*, 5 Cir., 601 F.2d 870 (1979); *NLRB v. Allis-Chalmers Corporation*, 5 Cir., 608 F.2d 1018 (1979).

2. 252 NLRB No. 112 (1980) (Jenkins dissenting).

3. Prior to the election at issue, the Union disseminated a handbill stating:

    COMPANY FOUND GUILTY OF WRONGFUL FIRING
    Why does the Company feel they can kick folks around in Mississippi?? Maybe the Company thinks they are above the law!! The NLRB has recommended that Randy Cook be put back to work with full pay. But the Company is still fighting for their right to fire anyone when ever they want to.
    In truth the employer had not been found guilty of wrongfully firing Mr. Cook. The Regional Director of the Board's Fifteenth Region had alleged that Allis-Chalmers had discharged Mr. Cook in violation of section 8(a)(3) of the National Labor Relations Act. The Administrative Law Judge later found the allegation groundless, and the Board affirmed this finding. Allis-Chalmers Corporation, 224 NLRB 1199, 1212 (1976).

4. *Formco, Inc.*, 233 NLRB 61 (1977). To determine whether a misrepresentation vitiates an election requires the consideration of four factors: (1) whether there has been a misrepresentation of a material fact; (2) whether the misrepresentation came from a party in an authoritative position to know the truth, or who had special knowledge of the facts; (3) *whether the other party in the election had adequate opportunity to reply and to correct the misrepresentation; (4) whether the employees had indepen-

■ Instead of clarifying the point in dispute, *i. e.* whether the union in fact aided in correcting its misstatements and thus gave the employer in this case a qualitatively different opportunity to reply than was present in *Formco*, the Board seeks in its Supplemental Decision and Order to distinguish *Formco* on the ground that the misstatement in this case did "not constitute a substantial mischaracterization of the pending unfair labor practice proceeding." [5] This finding is not supported by evidence and is at odds with the binding law of the case, since we previously decided that the misstatement was material. *Cf. Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1320 (5th Cir. 1978). The issue as we saw it and stated it in our prior opinion was whether the initial "insidious effects" of the falsehood had been assuaged by employer/union corrections. 601 F.2d at 873. Since the Board did not address this issue on remand, we must assume that we were mistaken in our original judgment that the "misrepresentation did not vitiate the election because the company and the union had corrected the impression imparted by the handbill." 601 F.2d at 872.

■ Accordingly, we now find, in light of the applicable, unaltered principles announced by the Board in *Formco*, that the Union's material misstatements concerning the Board's adjudicatory process nullifies the certification by election in this case. Consequently, the employer is not required to comply with the collective bargaining terms of the Board's Supplemental Order.

ENFORCEMENT DENIED.

dent knowledge of the misrepresented fact so that they could effectively evaluate the propaganda. Hollywood Ceramics, 51 LRRM 1600 (1962).

*Formco* dealt with the third criterion. The thrust of that decision was the common-sense recognition that in the context of union misrepresentations concerning the Board's own dispute-resolution processes, the employer's opportunity to reply will rarely be meaningful. As the Board stated:

The impact of the [union's] message upon the freedom of choice of the voter is not amenable to credible or effective response by the Employer. Employees may well view any response by the Employer as an attempt to extricate himself from the damaging effect of the adverse finding by the Board . . . ."

*Id.* at 62. Of course, this no-adequate-response rule may not hold in all cases. For example, a union retraction of the misstatement might well frame a suitable backdrop for an effective employer reply.

5. Although the majority agreed that the Union's statement was not a material misrepresentation, Member Penello, who did not participate in *Formco*, argues that the statement did not constitute a material misrepresentation because it, like that in *Formco*, appeared in a campaign leaflet, which, in Member Penello's view, employees are capable of identifying and evaluating. Member Jenkins dissented, finding that the statement, in its entirety, was a material misrepresentation.